**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**BECKLEY DIVISION**

| | | |
|---|---|---|
| **ERIC DEON DUNSTON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 5:08-01405** |
| | ) | |
| **KING COUNTY, N.Y.,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On November 12, 2008, Petitioner, acting *pro se*, filed in the Eastern District of New York a "Demand for Speedy Disposition of Pending Case Pursuant to the Interstate Agreement on Detainers or, in the Alterative, a Motion to Dismiss." [1] (Document No. 1.) Petitioner alleges that King County, New York, has lodge a detainer against him, and that "his term of incarceration and companion period of supervised release is more stringent and onerous than any punishment that may be forthcoming. . .."[2] (Id., p. 2.) Petitioner further states that "the judicial economy suggests that the

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] On December 1, 2003, Petitioner pled guilty in the United States District Court for the Eastern District of North Carolina to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922 and 924 (Count 1.) On May 3, 2004, the District Court sentenced Petitioner to a 96 month term of imprisonment, to be followed by a five year term of supervised release. Petitioner did not appeal his conviction or sentence. Petitioner was released from custody and began serving his term of supervised release on August 27, 2010. The United States Probation Department filed a "Petition for Action on Supervised Release" requesting the modification of the terms and conditions of Petitioner's supervised release, which the District Court granted on November 4, 2010. On April 5, 2011, the Probation Department filed a "Motion for Revocation of Offender Under Supervised Release Supervision." By Order entered on May 26, 2011, the District Court revoked Petitioner's term of supervised release and imposed an 8 month term of imprisonment. *United States v. Dunston*, Case No. 5:03-cr-0203 (E.D.N.C. May 3, 2004).

cost associated with the transportation and prosecution of the defendant outstrips any benefit to be gained by so prosecuting the Defendant under the present circumstances." (Id.) Therefore, Petitioner requests that the detainer be dismissed.

By Order entered on December 4, 2008, the District Court for the Eastern District of New York construed Petitioner's "Demand for Speedy Disposition of Pending Case Pursuant to the Interstate Agreement on Detainers or, in the Alterative, a Motion to Dismiss" as a Section 2241 Petition and transferred this matter to this District as Petitioner was incarcerated at FCI Beckley. (Document No. 2.)

**ANALYSIS**

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief.[3]

[3] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on December 8, 2011. Furthermore, the New York Department of of Corrections and Community Supervision's Inmate Locator indicates that Petitioner is not in custody in the State of New York.

Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody and the absence of collateral consequences, and therefore, his Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 1.) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this

Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: January 25, 2012.

R. Clarke VanDervort
United States Magistrate Judge